[754 NYS2d 787]

In the Matter of DOUGLAS WILLIAM RHODES, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, November 15, 2002

### APPEARANCES OF COUNSEL

*Vincent L. Scarsella, Deputy Chief Counsel, Eighth Judicial District Grievance Committee,* Buffalo, for petitioner.

*Douglas Williams Rhodes,* Silver Springs, Maryland, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court

on June 25, 1992. By order entered February 13, 2002, respondent was disbarred by the Supreme Court of the Commonwealth of the Northern Mariana Islands and ordered to pay a sanction in the amount of $10,000 for failing to disclose in an application for limited admission to the Northern Mariana Islands Bar that he had been convicted of a felony in Michigan in 1979. After practicing law in the Northern Mariana Islands for a period of four years pursuant to his limited admission, respondent disclosed the felony conviction on an application for permanent admission to that bar.

This Court, upon receipt of a certified copy of the judgment and order of disbarment, directed respondent, by order entered August 22, 2002, to show cause why reciprocal discipline should not be imposed pursuant to 22 NYCRR 1022.22. Respondent appeared before this Court, pro se, and argued that the imposition of reciprocal discipline would be unjust. Respondent also submitted matters in mitigation. Specifically, respondent contends that his failure to disclose the felony conviction in the application for limited admission was an oversight and that the subsequent disclosure of the conviction in his application for permanent admission demonstrates that he lacked the intent to deceive. Additionally, respondent notes that he disclosed the felony conviction to this Court when he applied for admission to the New York State Bar.

Pursuant to 22 NYCRR 1022.22, an attorney disciplined in another jurisdiction may be disciplined by this Court for the underlying misconduct unless we find that the procedure in the foreign jurisdiction deprived the attorney of due process of law, that there was insufficient proof that the attorney committed the misconduct or that the imposition of discipline would be unjust. Upon our review of the record, we find that respondent was not deprived of due process of law in the proceeding in the Northern Mariana Islands. Respondent was given notice of the charges against him and he appeared, with counsel, for a hearing. Additionally, we find that the material facts, which are not disputed, constitute sufficient proof that respondent committed the misconduct. We find, however, that the imposition of the sanction of disbarment in the circumstances of this case would be unjust.

Although we do not condone the failure of respondent to respond truthfully to the question in the application for limited admission regarding his criminal history, we note that he disclosed his felony conviction in the application for permanent

admission filed in the Northern Mariana Islands and in the application for admission filed with this Court.

Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended for one year and until further order of the Court.

PINE, J.P., HAYES, HURLBUTT, KEHOE and BURNS, JJ., concur.

Order of suspension entered.